State v. Millsaps

STATE OF NORTH CAROLINA v. GILBERT N. MILLSAPS, JR.

No. 7422SC1027

(Filed 21 May 1975)

1. Criminal Law § 118— charge on contentions — inaccurate statement — harmless error

In a prosecution for armed robbery of a Scottish Inn, the court's inaccurate statement while reviewing the contentions of defendant that "he didn't deny going to the Scottish Inn or being there" was not prejudicial error in light of the substantial amount of evidence offered by defendant that he was elsewhere at the time of the robbery, and the court's instructions on alibi and defendant's contention that he was elsewhere.

2. Criminal Law § 117— instructions — scrutiny of defendant's testimony

The trial court's instructions on the jury's duty to scrutinize the testimony of defendant were proper.

3. Criminal Law § 88— cross-examination — repetitious question

The trial court properly sustained an objection to a repetitious question asked on cross-examination.

4. Criminal Law § 87— exclusion of testimony — knowledge of witnesses not shown

The trial court properly sustained an objection to questions asked a robbery defendant's parents as to whether defendant had made any unusual purchases between the date of the crime and his arrest where there was no evidence that the witnesses knew what purchases defendant had made.

APPEAL by defendant from *McConnell, Judge.* Judgment entered 22 August 1974 in Superior Court, IREDELL County. Heard in the Court of Appeals 12 March 1975.

Defendant was tried on two charges of armed robbery. One involved the taking of $2,132.89 owned by Scottish Inns of America, Inc. in Statesville, North Carolina and the other alleged the forcible taking of a handbag and currency having a total value of $170.00 from the person of Martha Strange.

According to the State's evidence, on the night of 20 January 1974, Martha Strange, a desk clerk at Scottish Inns and Richard Pulliam, the night auditor, were behind the desk in the motel lobby. About 10:52 p.m. Mrs. Strange heard footsteps outside. Shortly thereafter two black males, one light-skinned (defendant) and one dark-skinned, entered the well-lighted lobby of the motel. Defendant walked up to Mrs. Strange, pointed

a gun and said, "I want all the money you have." He was across the counter about four feet from her and was wearing white gloves, a light yellow shirt, brown jacket, green slacks and black belt with a double buckle. He weighed about 185 pounds, had freckles, wide nostrils, and was broad through the cheeks. His hair was fixed in a medium bush. He and his partner proceeded to take the money from the cash register and safe and to take Mrs. Strange's purse which contained $132.00.

Based upon Mrs. Strange's description of the robber with the gun, the police constructed a composite photograph of a suspect and later received defendant's name as a suspect. On 24 January police arrested defendant and went to his home. They received permission of defendant and his mother to search the premises. They recovered a pair of white gloves.

Defendant denied going to the Scottish Inn and offered several witnesses whose testimony tended to show that he was elsewhere with friends on the evening of the alleged robberies.

Defendant was convicted of the robbery charge involving the funds of Scottish Inns of America, Inc. and was sentenced to twenty years in prison.

*Attorney General Edmisten, by Assistant Attorney General Claude W. Harris, for the State.*

*Chambers, Stein & Ferguson, by James E. Ferguson II, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant contends that the trial court committed error in the charge to the jury. First, defendant claims that the court erred while stating the contentions of defendant when it said:

"He also denied that he owned a yellow shirt and said he didn't have the gloves; that they were his mother's gloves when presented to him; *that he didn't deny going to the Scottish Inn or being there;* he stated from the time of about 11:15 he was at the Evening Breeze or in the process of helping Morrison get his car out of the ditch." (Emphasis added.)

In support of their argument, defendant cites two portions of the record where defendant specifically denied being at the Scottish Inn on the evening of the robbery.

"Q. Were you ever at the Scottish Inn this occasion?

A. No, I wasn't.

\* \* \*

Q. You don't remember anything about it, but you remember exactly where you were the whole time, is that right?

A. Yes. I told Sgt. Moore all the things I told the jury. I never went to Scottish Inn Motel and never threatened Mrs. Strange or took money away."

A charge must be considered contextually as a whole. *State v. Lee*, 282 N.C. 566, 193 S.E. 2d 705. The statement, " . . . that he didn't deny going to the Scottish Inn or being there," is inaccurate. Preceding this particular statement, however, the court said:

"The defendant testified as he had a right to do, and he had other witnesses testify. He contends that he was not there at all, that is—he contends an alibi.

\* \* \*

An alibi simply means somewhere else. . . The defendant's contention that he was not present and did not participate is simply a denial of the facts essential to the State's case. Therefore, I charge you that if upon considering all the evidence, including evidence with respect to alibi, you have a reasonable doubt as to the defendant's presence or participation in the crime charged, you must find him not guilty.

(3) The defendant testified that on the night of Jan. 24, [the Sunday night in question was 20 January 1974] which was Sunday night, he testified that he was with friends—you will recall his testimony about that."

In the light of the substantial amount of evidence defendant offered in an effort to convince the jury he was elsewhere at the time of the robbery and when the whole charge is considered, it is inconceivable that the jury could have believed that the judge thought defendant did not deny going to the Inn. We also fail to find error so prejudicial as to require a new trial in the court's reference to "Jan. 24" (instead of the correct date, January 20th) or the one occasion when defendant contends the court was mistaken as to the time defendant was "at the Evening Breeze or helping Morrison get the car out."

[2] Defendant also excepts to the following instruction given as to the consideration to be given defendant's testimony:

"The defendant has gone upon the stand as he had a right to do, and the law imposes on you the duty to scrutinize his testimony and after considering it, to determine the best you can what influence his interest in the result of the prosecution would have upon his testimony, and then give to his testimony that weight and effect which under all the circumstances you in your conscience think it is entitled to."

The foregoing was followed immediately by the instruction that

"After such scrutiny you are satisfied that the defendant told the truth, it is your duty to give that testimony the same weight and effect which you would give that of any other witness."

The instruction is, of course, correct and the assignment of error based therein is without merit.

[3] The argument in defendant's brief that the court sustained an objection to a question propounded on cross-examination is without merit. The record discloses the following:

"Q. You said he was from twenty-five to thirty at that time, didn't you?

A. Somewhere in this neighborhood—I can't even tell your age, I'm not a very good judge.

Q. You don't deny you said he was twenty-five to thirty, do you?

OBJECTION as she answered.

OBJECTION SUSTAINED."

The question was repetitious and the objection was properly sustained. Moreover, the trial judge has wide discretion in the control of cross-examination for impeachment purposes.

[4] On direct examination defendant's parents were asked if their son made any unusual purchases between the date of the robbery and the time he was arrested. The State's objections were properly sustained. In the first place there was no evidence that the witnesses knew what purchases defendant had made.

Secondly, the answers the witnesses would have given do not appear in the record. Defendant's Exception No. 7 is also without merit. The court merely sustained an objection to another question calling for substantially the same evidence defendant had previously given.

Defendant received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge MARTIN concur.